IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCELINO RAMON CANCHOLA, JR.,

                  Petitioner,

v.

MATTHEW MARSKE,

                  Respondent.

OPINION AND ORDER

18-cv-814-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Federal prisoner Marcelino Ramon Canchola, Jr. has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that his due process rights were violated at a disciplinary hearing which resulted in the Bureau of Prisons stripping him of 41 days of good-conduct time. Because petitioner has not shown that he was denied due process, I am denying his petition.

BACKGROUND

Petitioner Marcelino Canchola is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. On February 27, 2018, petitioner received a conduct report for possession of narcotics. Dkt. #1-3. The report states that while an officer was searching inmates in the "shakedown room," the officer noticed that petitioner had rolled up the sleeves of his coat. The officer unrolled the cuffs and a small piece of paper fell out. The officer examined the paper and noticed it had an orange strip inside it. The officer then

1

showed the paper to a lieutenant, who suspected it contained suboxone. According to the incident report, the paper was later shown to a nurse, who verified that the paper contained suboxone.

Petitioner received a disciplinary hearing on the conduct report. According to the disciplinary hearing report, petitioner waived his right to a staff representative, requested no witnesses and presented no documentary evidence on his own behalf. Dkt. #1-1. The report also states that a nurse provided the opinion that the orange substance on the paper recovered from petitioner was the same color and texture as suboxone film 8 mg/2 mg used for the treatment of adults who are dependent on opioids. At the hearing, petitioner stated that someone could have put the paper with the drugs in his coat while it was hanging in the back of the gym, but the disciplinary hearing officer found it doubtful that someone would place valuable drugs in another inmate's coat or roll up petitioner's sleeves without his noticing. Finally, the disciplinary hearing officer drew an adverse inference against petitioner because petitioner had refused to give a statement to the investigator. Petitioner was found guilty of possessing drugs and lost 41 days of good conduct credit and other privileges.

OPINION

Petitioner seeks to have his good-conduct time restored through his petition for habeas corpus under § 2241. Disciplinary hearings that deprive an inmate of good-time credit and, as a result, increase the inmate's period of incarceration, may serve as a basis for requesting habeas relief. Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003). A

2

disciplinary decision that results in the loss of good-time credits must provide the inmate the following procedural safeguards if it is to adhere to due process: (1) advance written notice of the charges; (2) an opportunity to call witnesses and present evidence in his defense; (3) a written statement from the factfinder identifying the evidence on which he or she relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985); Jones v. Cross, 637 F.3d 841, 845 (7th Cir. 2011) .

In this instance, petitioner received due process during his disciplinary proceedings: he received a written incident report notifying him of his charge, he attended a disciplinary hearing on the charge, the disciplinary hearing officer issued a written decision and the decision was supported by some evidence, namely the incident report stating that a paper containing an unknown substance was found in petitioner's coat and the nurse's opinion that the substance was a suboxone strip.

Petitioner believes that the disciplinary decision lacked support. First, the incident report identifies the location of the incident as the Wood Unit, but petitioner does not live in the Wood Unit and he says he was nowhere near the Wood Unit on the date of the incident. Second, the incident report lists "dinner relief" under the "assignment" box on the form, suggesting that petitioner was assigned to dinner relief, even though petitioner was not assigned to dinner relief on the date of the incident. Petitioner suggests that the incident report writer must have confused petitioner with another inmate who lived on the Wood Unit and was assigned to dinner relief. Finally, petitioner says that the nurse's opinion that

3

the orange substance was suboxone should be disregarded because the nurse did not actually test the substance at a laboratory to determine whether it was actually a narcotic.

None of petitioner's arguments are persuasive. Although petitioner now asserts that the incident report writer must have confused him with someone else, he did not present any evidence at his disciplinary hearing to support this theory. He did not even suggest at the hearing that he was not in the "shakedown room." Rather, his defense at the hearing was that another inmate must have planted the drugs in his coat while his coat was hanging in the gym. The disciplinary hearing officer did not find this explanation believable and instead, found it more likely that petitioner rolled up the sleeves of his coat to hide the suboxone. With respect to the nurse's opinion, the disciplinary hearing officer was entitled to accept her opinion that, based on her medical judgment, the orange strip was suboxone. The "substantive evidence" standard is a "meager threshold." Jones, 637 F.3d at 849. Here, the nurse's statement and the incident report provided the disciplinary hearing officer with "some evidence," sufficient to meet the "meager threshold," to support his conclusion that petitioner was in possession of narcotics. Therefore, the evidence was sufficient to sustain the finding of guilt and petitioner received all the process he was due. Petitioner is not entitled to relief under § 2241.

ORDER

IT IS ORDERED that petitioner Marcelino Ramon Canchola, Jr.'s petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED. The clerk of court is directed to enter judgment and close this case.

Entered this 27th day of December, 2018.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge